**Carlos G. FLORES–PACHECO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 13–70733.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 4, 2014.

Frank Man Kit Tse, San Francisco, CA, for Petitioner.

Catherine Bye, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Carlos G. Flores–Pacheco, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

Flores–Pacheco contends the agency erred in finding he did not have an objective basis to fear persecution based on his father's past political activity.

Substantial evidence supports the IJ's determination that Flores–Pacheco failed to establish a well-founded fear of persecution on account of a protected ground. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir.2002) (insufficient evidence to show reasonable fear of future persecution); *see also Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Flores–Pacheco's asylum claim fails.

Because Flores–Pacheco failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye,* 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**